# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WILMA J. GASSION,<br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)    CAUSE NO.: 2:17-CV-447-JEM<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Wilma J. Gassion, and Plaintiff's Opening Memorandum in Support of Reversing the Decision of the Commissioner [DE 18], filed June 6, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On July 12, 2018, the Commissioner filed a response, and on July 25, 2018, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

## I.     Background

On October 3, 2014, Plaintiff filed an application for benefits alleging disability beginning January 5, 2012. Plaintiff's application was denied initially and upon reconsideration. On October 20, 2016, Administrative Law Judge ("ALJ") Michelle Whetsel held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On April 27, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant last met insured status requirements of the Social Security Act on December 31, 2014.

2. The claimant did not engage in substantial gainful activity during the period of her alleged onset date of January 5, 2012, through her date last insured of December 31, 2014.

3. Through the date last insured, the claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, fibromyalgia, degenerative joint disease of the left knee, arthritis of the right hip, headaches, and obesity.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she could occasionally climb ramps and stairs, but should never climb ladders, ropes, or scaffolds, but could occasionally balance and stoop, kneel, crouch or crawl. The claimant could occasionally operate foot controls and push/pull with the bilateral lower extremities. She should avoid concentrated exposure to fumes, dusts, odors, gases and poor ventilation.

6. Through the date last insured, the claimant was capable of performing past relevant work as a payroll clerk and as a payroll coordinator. This work did not require the performance of work-related activities precluded by the claimant's residential functional capacity.

7. The claimant has not been under a disability, as defined in the Social Security Act, at any time from January 5, 2012, the alleged onset date, through December 31, 2014, the date last insured.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**II.** **Standard of Review**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow

the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in addressing Plaintiff's subjective complaints, and that she failed to properly evaluate the opinion of Plaintiff's treating physicians. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff first argues that the ALJ failed to properly assess subjective complaints relating to her fibromyalgia. The ALJ "considered the persistence, intensity and limiting effects of the claimant's symptoms on her ability to perform work-related activities but [did] not find them wholly supported by or consistent with the evidence of record." In assessing a claimant's substantive complaints, the ALJ must "evaluate whether [those] statements are consistent with objective medical evidence and the other evidence," and "explain" which symptoms were found to be consistent or inconsistent with the evidence. SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), at *6, *8; *see also Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (remanding where ALJ failed to "explain[]

4

the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72). In addressing Plaintiff's complaints of pain as not consistent with the evidence, the ALJ found that "[w]hile the claimant complained of back pain and leg pain . . . physical examination revealed her gait was normal, she had normal motor function and sensory function. . . . Her rheumatologist noted that the claimant's lumbar spine was extremely tender. However, examination revealed no weakness, normal gait, no assistive devices, and no decreased strength." Records of that examination confirmed the diagnosis of fibromyalgia and noted that Plaintiff had diffuse chronic pain, "extreme tenderness" in her lumbar spine, and a "low pain threshold." The ALJ did not explain why the results of the physical examinations were inconsistent with the complaints of pain, many of which were noted in those same examinations. An ALJ "may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). That is particularly important when a claimant has fibromyalgia, the symptoms of which are often subjective. *See Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018) ("We are troubled by the ALJ's purported use of objective medical evidence to discredit [the claimant's] complaints of disabling pain because fibromyalgia cannot be evaluated or ruled out by using objective tests."); *Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) ("fibromyalgia . . . cannot be measured with objective tests aside from a trigger-point assessment") (collecting cases and medical authority).

The ALJ also erred in assessing Plaintiff's complaints of insomnia. Plaintiff testified that she sleeps for two to three hours, two to three times per day, which the ALJ characterized as inconsistent with the evidence of record. The ALJ noted that a "trial" of Ambien initially worked, but that Plaintiff continued to complain of difficulty sleeping. Citing to a mental health counselor's notes,

5

the ALJ stated that Plaintiff was advised by the counselor about ways to improve her sleep that did not involve medication. The ALJ concluded: "[Plaintiff] mentioned some difficulty sleeping but did not report napping 2-3 hours a day, two to three times a day." The fact that a patient's complaints of poor sleep are not fully documented in a mental health counselor's notes does not justify a conclusion that those complaints are inconsistent with medical records. *See O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."). The ALJ did not develop the record sufficiently to determine whether Plaintiff's complaints were consistent or inconsistent with prior medical records; to the contrary, she abbreviated Plaintiff's testimony on the matter at the hearing ("I don't mean to cut you off, but I will note that I have enough information for the record that very clearly [Plaintiff] indicated she had disturbed sleep, that she received two or less hours of sleep each night and that that impacted her ability."). Plaintiff's complaints were at least partially corroborated by her treating physician, Dr. Adolphus Anekwe, and treating rheumatologist, Dr. Vijay Reddy, who each stated that Plaintiff would have to lie down during the day due to pain or fatigue.

The ALJ made similar mistakes in assessing Plaintiff's migraine headaches. The ALJ noted that "[w]ith respect to the headaches, the claimant reported that with medication her headaches were a lot better." Plaintiff's treatment notes from neurophysiologist Dr. Sanjeev Maniar indicate that in November 2014, she complained of headaches that were "pounding and throbbing in nature." In December 2014, she reported to the same doctor that her headache was a lot better, but in January 2015, she again reported headaches to Dr. Maniar that were "throbbing and pounding in nature," lasting 1-3 days. The ALJ did not address this fluctuation or analyze what it meant for the headache to be "a lot better" given the severity of Plaintiff's prior complaints, leaving the Court concerned

that the ALJ simply ignored the items in the record that did not support her conclusions. An ALJ "cannot rely only on the evidence that supports her opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *see also Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding.").

Plaintiff next argues that the ALJ failed to properly assess the opinions of her treating physicians. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*, 894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's

case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

In this case, the ALJ did not provide a sound explanation for rejecting the opinions of the treating physicians based on the required factors. For example, Dr. Maniar, the treating neurophysiologist, opined in 2015 that Plaintiff would likely miss work about three times a month and could have headaches that last for 1-3 days. The ALJ "[did] not give much weight to this opinion as the record reveals that with medication her headaches were a lot better," citing the medical notes from December 2014 discussed above. Because there were other notes in the doctor's file supporting his opinion, as explained above, this cursory analysis was not a "sound explanation" for rejecting the opinion. *Punzio,* 630 F.3d at 710; *see also Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it."). Nor did the ALJ assess Dr. Maniar's opinion – or those of treating sources Dr. Anekwe and Dr. Reddy, which were afforded "little weight" – with reference to the prescribed factors, such as the length of treatment history, their understanding of the patient, or their level of expertise in Plaintiff's particular ailments.

On remand, the ALJ is directed to explain the basis for his or her evaluation of Plaintiff's subjective complaints, as prescribed by Social Security Ruling 16-3p, and is reminded that a claimant's complaints of pain cannot be dismissed solely because objective tests do not confirm them. *Villano*, 556 F.3d at 562. The ALJ is also directed to consider the opinions of Plaintiff's treating medical sources according to the regulatory criteria, and to provide a sound explanation if

he or she rejects those opinions, including analysis of the evidence that does not support the ALJ's conclusion.

The ALJ is also reminded that, in assessing a claimant's RFC, "the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003). Therefore, even if the ALJ finds that an impairment is not severe, he or she must still incorporate Plaintiff's limitations into the RFC and in any hypotheticals to the vocational expert. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("[B]oth the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.").

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Memorandum in Support of Reversing the Decision of the Commissioner [DE 18], **DIRECTS** the Court to enter judgment in favor of Plaintiff, and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 19th day of February, 2019.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:    All counsel of record